IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL S. SIMMONS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **7:06-CV-125 (HL)** |
| STEVE UPTON, Warden, | : | |
| | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (doc. 6).

On May 25, 2001, petitioner with counsel entered guilty pleas to child molestation and aggravated child molestation. Petitioner was sentenced to 30 years in prison without parole on counts 3 and 14-17 concurrently, 20 years probation on counts 1, 2, and 5-13 concurrently to each other and consecutive to the 30 year prison sentence, and 10 years probation on counts 18-27 concurrently with each other and consecutive to the other sentences. Petitioner did not file a direct appeal of his conviction or sentences.

Petitioner filed a state habeas corpus petition on June 3, 2005, raising eight grounds for relief. Following an evidentiary hearing on August 10, 2005, the state habeas court denied relief in an order filed March 1, 2006. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on October 16, 2006.

On or about December 2, 2006, petitioner filed the instant petition. Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C §

2244(d). The undersigned gave the petitioner notice of the pending motion to dismiss and the importance of filing a response thereto in an order dated February 23, 2007; however, petitioner has failed to file any response whatsoever to the motion.

Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea. O.C.G.A. § 5-6-38. In this case, petitioner entered a guilty plea on May 25, 2001; petitioner did not file a direct appeal, therefore, his conviction became final on or about June 25, 2001, when the time for filing such an appeal expired. Petitioner therefore had one year from June 25, 2001 in which to seek federal habeas relief or to otherwise toll the one year statute of limitation by properly filing an application for post-conviction relief or other collateral review.

However, Petitioner did not seek any form of post-conviction relief until he filed his state

2

habeas corpus petition on June 3, 2005, more than three years after the one year period of limitations had expired. As a result, the tolling provision was never triggered, as there was no time left to toll. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.2000). Moreover, petitioner failed to execute the instant petition until December 2, 2006, well beyond the expiration of the one-year period of limitations. Accordingly, the instant petition is clearly untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d).

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of July, 2007.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd